UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br>FIVE STAR RESTAURANTS, LLC, et al.,<br>Defendants. | Case No. 2:17-cv-00871-APG-PAL<br><br>ORDER |

The parties filed a Stipulation and Proposed Order Vacating Settlement Conference (ECF No. 92) on December 21, 2018. The settlement conference was scheduled for January 4, 2019. Although the court granted the stipulation and vacated the settlement conference, *see* Order (ECF No. 93), the parties are admonished for their eleventh-hour request to vacate a settlement conference which was set before the close of discovery at their request. Their actions in this case have wasted judicial resources and deprived other litigants waiting their turn for a settlement conference of the opportunity to have their case heard on this date.

The parties have been advising the court that they were negotiating in good faith to resolve their disputes for nearly a year. *See, e.g.*, Minutes of Proceedings (ECF No. 63). The parties also submitted a proposed stipulation to continue a hearing on a Motion to Compel and for Sanctions (ECF No. 52) referred to the undersigned, which the court approved. *See* Order (ECF No. 68) (approving Stipulation (ECF No. 67) to continue briefing and hearing).

In an Order (ECF No. 77) entered March 14, 2018, the district judge directed the release of funds to plaintiff Philadelphia Indemnity Insurance Company and others from an escrow account, leaving a balance of $250,000 in escrow pending further order from the court. The district judge directed the parties to continue to work together to agree upon distribution of the remaining $250,000 in the escrow account and indicated that in the absence of a mutual resolution, the parties

1 should appear for a status check on May 16, 2018.  The order set a briefing schedule and indicated

2 that if an agreement was reached, the parties should submit a stipulation and proposed order.

3 On May 9, 2018, a Satisfaction of Judgment (ECF No. 80) regarding a motion for attorney's

4 fees in favor of Philadelphia Indemnity Insurance Company against Five Star Restaurants was

5 filed.  The parties filed briefs (ECF Nos. 81, 82) regarding distribution of funds held in escrow as

6 the district judge directed on May 9, 2018.  At a status conference conducted May 16, 2018, the

7 district judge directed the parties to file a proposed order regarding decisions reached at the status

8 conference.  The Order (ECF No. 85) was signed and entered on May 17, 2018.

9 On August 6, 2018, the district judge entered an Order (ECF No. 86) denying Philadelphia

10 Indemnity Insurance Company's motion for partial summary judgment without prejudice to

11 refiling if the parties could not resolve this matter through their ongoing settlement discussions.

12 This was based on representations made in papers on file and in multiple proceedings before the

13 court that the parties were negotiating in good faith and making progress and wanted to delay

14 briefing on the summary judgment to attempt to resolve this matter.

15 On September 26, 2018, the parties filed a stipulation and proposed order (ECF No. 87)

16 requesting a settlement conference indicating the parties believed that a settlement conference was

17 in their best interests.  The stipulation indicated that third parties involved in the related state court

18 case of *Five Star Restaurants, LLC v. Thomas Contracting & Development, LLC d/b/a TCB

19 Construction, et al.*, Case No. A-16-747417-C, had consented to utilize the settlement conference

20 magistrate judge for purposes of exploring resolution of this matter.  In an Order (ECF No. 88)

21 entered October 10, 2018, the court granted the parties request and set a settlement conference for

22 January 4, 2019, at 9:30 a.m., the earliest available date on the court's schedule.  The parties then

23 filed a Stipulation and Proposed Order (ECF No. 90) to advance the settlement conference to

24 December 5, 2018, when the parties were available.  The court entered an Order (ECF No. 91)

25 denying the stipulation and proposed order to advance the settlement conference advising the

26 parties that the court had already given the parties the earliest available date of January 4, 2019.

27 The order advised the parties that the court generally sets three settlement conferences per week

28 and already had a settlement conference set for the December 5, 2018 date the parties had

requested. The court advised the parties that they were, of course, free to try to settle this case without the court's assistance. However, if they were unable to do so, they would simply have to wait their turn.

More than two-and-a-half months after the court scheduled the settlement conference on its first available date pursuant to the parties' stipulation, the parties now stipulate to vacate the settlement conference because the third parties in the underlying case who reportedly consented to participate in the settlement conference, were not available on January 4, 2019. The parties in this case now indicate that without the attendance of the parties in the underlying action, the settlement "will not be possible." The court does not have jurisdiction over the parties in the underlying case and is prohibited from conducting settlement conferences in state court cases.

Pursuant to the parties' Discovery Plan and Scheduling Order (ECF No. 43), the discovery cutoff expired November 20, 2017, dispositive motions were due December 20, 2017, and the joint pretrial order was due January 19, 2018. The parties have been representing to the court that they were in settlement negotiations, making progress and might resolve the entire case. After months of settlement negotiations, the parties then stipulated to a settlement conference on September 26, 2018, and now advise the court that a settlement is not possible without the participation of the defendants in the underlying state court action.

If a settlement is not possible, a judicial resolution of the parties' disputes is required.

Accordingly,

**IT IS ORDERED** that:

1. The parties shall have until **January 28, 2019,** to file dispositive motions.
2. The parties shall have until **February 28, 2019,** to file the joint pretrial order. If dispositive motions are timely filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision of the dispositive motions.
3. No extensions will be granted.

/ / /

/ / /

/ / /

3

4. Any request for an extension of these deadlines should be directed to the district judge as an appeal of this order.

DATED this 28th day of December 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE